UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

**ACUITY, A Mutual Insurance Company,**

    Plaintiffs,

v.

**JAMES SWAN and
HARDIN READY MIX, INC,**

    Defendants.                      No. 16-cv-865-DRH

## ORDER

**HERNDON, District Judge:**

This matter is before the Court on the defendant's (Hardin Ready Mix, Inc.) motion to dismiss this diversity action for lack of subject matter jurisdiction (Doc. 12) and the plaintiff's motion to strike the same as untimely (Doc. 14). The Court first addresses the motion to strike.

Defendant was served on August 18, 2016 (Doc. 7). Plaintiff contends, pursuant to Rule 12(a)(1), defendant had until September 8, 2016 to answer or otherwise respond to the plaintiff's complaint. Accordingly, the plaintiff argues, the motion to dismiss for lack of subject matter jurisdiction should be denied as untimely. The plaintiff's argument is without merit. It is well established that a litigant may raise a court's lack of subject-matter jurisdiction at any time. *See, e.g., Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008) ("[S]ubject-matter

jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself."). Accordingly, the motion to strike is **DENIED.**

With regard to the motion to dismiss for lack of subject matter jurisdiction, defendant argues that complete diversity is lacking because the plaintiff and both defendants are citizens of the State of Illinois.[1] The record indicates, and the parties seem to agree, that both defendants are citizens of the State of Illinois. *See* Doc. 1 ¶ 2 ("Defendant, Hardin Ready Mix, Inc. ("Hardin") is an Illinois corporation with its principal place of business located in Hardin, Illinois."); Doc. 1 ¶ 3 ("Defendant, James Swan ("Swan"), is a citizen of Illinois."); Doc. 12 (arguing both defendants are citizens of the State of Illinois).

The dispute here relates to the citizenship of plaintiff Acuity. Defendant contends the plaintiff is a citizen of the State of Illinois because it is a company doing business in the State of Illinois. Acuity contends that it is a citizen of Wisconsin because it is a Wisconsin corporation with its principal place of business in Wisconsin.

A corporation, which plaintiff claims to be, can be a citizen in up to two states-the state where it is incorporated and the state where its principal place of business is located. See 28 U.S.C. § 1332(c)(1); *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1047 (7th Cir.2007) ("a corporation is a citizen of two states

---

[1] Actually, in one paragraph of its briefing, defendant alleges that defendant James Swan is a "resident" of the State of Illinois. It is well established that residency is not the same as citizenship. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir.2007). However, the complaint alleges that James Swan is a *citizen* of the State of Illinois. The complaint's allegation as to Swan's *citizenship* is sufficient.

(though they may coincide): the state in which the corporation is incorporated and the state in which its principal place of business is located").

Here, according to the complaint and Acuity's responsive pleading, Acuity is incorporated in the State of Wisconsin and its principal place of business (or "nerve center") is in in the State of Wisconsin. Defendant's motion does not contest that Acuity is a Wisconsin corporation with its principal place of business in Wisconsin. Rather, defendant maintains that because Acuity does business in the State of Illinois it is a citizen of the State of Illinois. However, being licensed or authorized to do business in a state does not necessarily make a corporation a citizen of that state. Instead, as noted above, besides the state of incorporation, a corporation is only a citizen of the state in which it has its principal place of business (or its "nerve center"),[2] not every state in which it does business. See *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974 (7th Cir.1988) (stating that party's allegation that corporation was "'licensed' or 'authorized' to do business in a state does not necessarily make [it] a citizen of that state because besides the state of incorporation, a corporation is only a citizen of the state in which it has its principal place of business … not every state in which it does business").

In the instant case, the record reflects that Acuity is a citizen of the State of

---

[2] The phrase "principal place of business" in § 1332(c)(1) "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters. …" *Id*. at 93.

Wisconsin and that both defendants are citizens of the State of Illinois. Accordingly the motion to dismiss for lack of subject matter jurisdiction is **DENIED.**

**IT IS SO ORDERED.**

Signed this 4th day of October, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.10.04
15:46:45 -05'00'

**United States District Judge**